O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OPEN DOOR PROPERTY TRUST 1 A DELAWARE STATUTORY TRUST,

Plaintiff,

v.

YAN ZHANG et al,

Defendants.

Case No.: 5:25-cv-02140-MEMF-DTB

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [DKT. NO. 26]**

Before the Court is the Motion for Reconsideration of Order Remanding to State Court filed by Defendant Yan Zhang. Dkt. No. 26 ("Motion"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons stated herein, the Motion is DENIED.

## I. Factual and Procedural Background

Plaintiff Open Door Property Trust 1 A Delaware Statutory Trust ("Open Door") filed suit in San Bernardino County Superior Court on October 9, 2024. *See* Dkt. No. 1. Defendant Yan Zhang filed a Motion to Dismiss on January 10, 2025. *See* Dkt. No. 11 at 43-47. Zhang's Motion to Dismiss was denied on March 17, 2025. *Id.* at 49. Zhang removed the action to federal court on August 15, 2025, on the ground that the Court has subject matter jurisdiction pursuant to the diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1), §1441(a). *See* Dkt. No. 1 ¶ 3.

On October 10, 2025, the Court GRANTED Open Door's Motion to Remand, remanding this action to the San Bernardino Superior Court. Dkt. No. 14 at 1-2. The Remand Order was transmitted to the San Bernardino Superior Court on October 14, 2025. Dkt. No. 15. And the case was closed. Dkt. No. 14.

On October 24, 2025, Zhang filed the instant Motion. Motion. Open Door filed an Opposition to the Motion on November 4, 2025. Dkt. No. 28 ("Opposition").

## II. Applicable Law

### A. 28 U.S.C. § 1447

Section 1447 governs procedures for removal and remands. Subsection (c) provides that following a remand order, "[a] State court may thereupon proceed with such case." 28 U.S.C. § 1447(c). Subsection 9(d) states: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443." *Id.* § 1447(d). "Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Seedman v. U.S. District Court for the Central District of California*, 837 F.2d 413, 413–14 (9th Cir. 1988).

## III. Discussion

Here, this Court remanded this action on October 10, 2025, thereby depriving this Court of jurisdiction to further consider the merits of this action. Dkt. No. 14 at 1-2. The October 10, 2025 Order and subsequent transmittal of the Order to the San Bernardino Superior Court on October 14,

2025 constituted a transfer of jurisdiction to the San Bernardino Superior Court. Dkt. No. 15. As such, the Court is without power to consider the instant Motion—filed *after* the remand order on October 24, 2025.[1] Therefore, the Motion is denied for lack of jurisdiction.

## IV. Conclusion

The Motion for Reconsideration (Dkt. No. 26) is DENIED.

IT IS SO ORDERED.



Dated: September 30, 2026

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

[1] The Court further notes that the Motion provides no basis under Local Rule 7-18 for reconsideration of its Remand Order. The Motion does not assert: (1) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered; (2) the emergence of new material facts or a change of law occurring after the Order was entered; or (3) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. C.D. Cal. L.R. 7-18.